# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN BRUCE CARPENTER, | Civil No. 14-1664 (JRT/TLN) |
| Plaintiff, | |
| v. | **ORDER AWARDING ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, | |
| Defendant. | |

Lionel H. Peabody, **PEABODY LAW OFFICE**, PO Box 10, Duluth, MN 55801, for plaintiff.

Pamela Marentette, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

In 2008 and later in 2011, Plaintiff Alan Bruce Carpenter filed claims for Social Security disability benefits, citing his depression and back problems. The Social Security Administration found that Carpenter was eligible for benefits on one of those applications, but then doubled-back on its determination. After various administrative appeals, the Commissioner of Social Security – represented in this case by Defendant and now-Acting Commissioner Carolyn W. Colvin – finally denied each of Carpenter's two applications, and Carpenter brought this action arguing that the Commissioner's decision was not supported by substantial evidence. In August 2015, the Court granted Carpenter's motion for summary judgment in part and ordered that the Social Security Administration's benefits determination on his successful application be reinstated.

(Order Adopting Report and Recommendation ("R&R"), Aug. 26, 2015, Docket No. 31.) The Court entered judgment in Carpenter's favor. (Judgment in Favor of Alan Bruce Carpenter Against Carolyn W. Colvin, Aug. 26, 2015, Docket No. 32.)

Post-judgment, Carpenter has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Carpenter's Mot. for Att'ys Fees, Nov. 13, 2015, Docket No. 33.) Carpenter initially requested fees equivalent to 54.6 hours of work at a $170 per hour rate. With the addition of the 3.9 hours spent on the reply brief, Carpenter's total comes to 58.5 hours, or $9,945. The Court finds that Carpenter's request is reasonable, and will grant the motion.

## ANALYSIS

The portion of the EAJA at issue in this case permits the Court to award reasonable attorney's fees and other expenses to a moving party in a case against the government where the requesting-party is the "prevailing party" and certain other requirements are met. *See* 28 U.S.C. § 2412(d).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Smith v. AS Am., Inc.*, Nos. 15-1183, 15-1665, 15-1832, 2016 WL 3769322, at *4 (8th Cir. July 14, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "After determining this amount, a district court may consider other factors to 'adjust the fee upward or downward, including the important factor of the "results obtained."'" *Id.* (quoting *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012)). The

"results obtained" factor "is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Marez*, 688 F.3d at 965 (quoting *Hensley*, 461 U.S. at 434). "A plaintiff can be compensated for work on unsuccessful claims if they are sufficiently related to the successful claim because 'they "involve a common core of facts" or "are based on related legal theories."'" *Id.* (quoting *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001)).

Here, Colvin does not object to Carpenter's proposed rate of $170 per hour. Her only objection is to the number of hours for which Carpenter requests payment. She argues that Carpenter should receive compensation for no more than 40 hours, rather than the amount he has requested, for two reasons. First, Colvin argues that Carpenter's attorney should not receive compensation for the 2.1 hours he spent on Carpenter's October 2014 motion for extension of time because that work was either non-compensable or the amount was excessive. But Colvin has brought forward no reason why time spent on motions for extensions of time are categorically non-compensable; compensation for motions for extensions of time must instead be determined with the same case-by-case reasonableness analysis as all other legal work. *See Schulte v. Colvin*, No. 4:12-3026, 2013 WL 3779141, at *2 (D. Neb. July 17, 2013) (concluding and doing the same). Colvin does offer a factual analogy, arguing that this case is similar to two decisions from other district courts disallowing time expended on requests for time extensions. *See Schulte*, 2013 WL 3779141, at *2 (reducing the amount of time spent on a motion to extend time from .88 hours to .2 hours because the latter amount "is most likely the time it takes to draft a one paragraph motion"); *Fowler v. Astrue*, No. 10-3018,

2011 WL 6020153, at *2 (W.D. Ark. Dec. 2, 2011) (holding time expended on filing a request for extension of time was not compensable because counsel "should not be allowed compensation for work performed as a result of his inability to meet the deadlines set by this Court"). But Carpenter's case is like neither of these precedents. Unlike the attorney in *Schulte*, Carpenter's attorney did much more than "draft a one paragraph motion"; he discussed and stipulated to an extension of time with Colvin's attorney, drafted a court filing summarizing the meet-and-confer, drafted a document memorializing the extension-of-time stipulation between Carpenter and Colvin, drafted Carpenter's actual motion for an extension of time, drafted an affidavit in support of that motion, and filed all four of those documents with the Court. (*See generally* Docket Nos. 10-13.) And unlike the attorney in *Fowler*, Carpenter's attorney had a good reason for requesting an extension of time – he was waiting for Colvin to respond to his request that she supplement the administrative record that Carpenter's attorney believed to be incomplete. (*See* Decl. of Lionel H. Peabody ¶¶ 3, 4, Oct. 3, 2014, Docket No. 11.) In that context, 2.1 hours is well within the realm of reasonableness.

Colvin's second argument is that Carpenter should be limited to 40 hours of compensation because courts generally limit the amount of compensable time to 20 to 40 hours in Social Security disability benefits cases. Colvin cites as support *Coleman v. Astrue*, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007). But *Coleman* only acknowledged that **some** courts have found that the typical case falls within this range, and the *Coleman* court also explicitly noted that **other** courts – such as the Second Circuit – have affirmed fee awards for many more hours "based on the facts

of the case." *Id.* (citing *Ashton v. Sec'y of HHS*, 808 F.2d 9, 11 (2d Cir. 1986), which affirmed a fee award of 200 hours). Colvin argues that the 20 to 40 hour straightjacket fits here, in part because Carpenter did not win all of his arguments. A prevailing party, however, can collect fees for time spent on unsuccessful arguments and claims as long as all of the work centers around a common set of facts or legal basis, as is undoubtedly the case here. Colvin also argues that Carpenter's attorney could have shaved time off by not writing such a long brief – Colvin specifically notes that 26 pages of Carpenter's summary judgment brief were spent summarizing the factual and procedural history of the case. (*See* Carpenter's Mem. in Supp. of Mot. for Summ. J. at 1-26, Oct. 28, 2014, Docket No. 18.) But this argument falters too. Carpenter's decision to devote so much detail to the background section of his brief was apparently an exercise in good judgment; the Magistrate Judge's R&R devoted 28 pages to the case's facts and procedural history, two more pages than Carpenter. (*See* R&R at 1-28.) The Court therefore finds no reason for the number of hours to be reduced to meet an arbitrary 40-hour mark.

Finally, there is one more matter for the Court to address: the time Carpenter's attorney spent on his reply brief in support of the EAJA application. The time an attorney spends preparing an EAJA application is itself compensable, at least in the Eighth Circuit. *Kelly v. Bowen*, 862 F.2d 1333, 1334 (8th Cir. 1988). The Court notes that Colvin has not disputed that proposition; Colvin does not object to Carpenter's inclusion in the initial application of a line item requesting compensation for time spent on the application itself. (Second Decl. of Lionel H. Peabody, Ex. 2 ("Carpenter's Time Summary") at 1, Nov. 13, 2015, Docket No. 34 ("Prepare EAJA documents").) In his

reply, Carpenter's attorney represents that he spent 3.9 hours on the reply brief. (Carpenter's Reply at 6, Dec. 17, 2015, Docket No. 38.) The Court finds that amount of time to be reasonable in light of the time Carpenter's attorney spent preparing Carpenter's other briefs. (*See* Carpenter's Time Summary at 1 (noting 5.8 hours spent preparing a brief on October 1, 2014, for example).) The Court will permit compensation for the 3.9 hours that Carpenter spent on the reply brief. Carpenter's total compensable hours therefore are 58.5 and the total request to $9,945.

The Court finds that Carpenter's EAJA request for $9,945 is reasonable and will grant the motion.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alan Bruce Carpenter's Motion for Attorney Fees [Docket No. 33] is **GRANTED**.

2. Plaintiff is awarded $9,945 in attorney's fees.

DATED: August 10, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court